DA 09-0433

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 30N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

RICHARD DEAN HOLEN,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Fifteenth Judicial District,
                      In and For the County of Roosevelt, Cause No. DC 08-22
                      Honorable David Cybulski, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Johnna K. Baffa, Van de Wetering Law Offices, Missoula, Montana

        For Appellee:

                Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
                Attorney General, Helena, Montana

                Ryan C. Rusche, Roosevelt County Attorney, Wolf Point, Montana


                              Submitted on Briefs:  January 26, 2011

                                      Decided:  February 23, 2011

Filed:

                _____
                            Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports. Appellant Richard Dean Holen (Holen) appeals the District Court's order denying his motion to suppress without conducting an evidentiary hearing. We affirm.

¶2     Robert Magnan (Magnan), the tribal livestock officer for the Fort Peck Indian Reservation, assisted by various other tribal officers, impounded about 64 head of cattle on September 4, 2008, near the Chelsea community in Roosevelt County, Montana. Wayne Shipp, an investigator with the Montana Department of Livestock, helped Magnan in brand identification. The officers observed cattle with brands that had no authorization from the landowners, in this case, the United States and the Assiniboine and Sioux Tribes.

¶3     The State charged Holen with eight separate counts of cattle theft. Holen filed a motion to suppress in which he contended that the officers had seized and impounded the cattle without giving Holen five days notice pursuant to Holen's lease agreement for grazing on the trust lands. Holen's suppression motion contained no request for an evidentiary hearing and urged suppression instead based solely on the lack of notice. The State urged the District Court summarily to dismiss Holen's motion "without hearing." The State argued, in the alternative, that it intended to call witnesses to clarify Holen's factual misstatements should the court determine an evidentiary hearing would be needed. Holen's

2

reply brief did not respond to the State's argument about the lack of necessity for an evidentiary hearing. Holen emphasized instead that his motion to suppress rested on legal arguments.

¶4     The District Court heard legal arguments on Holen's suppression motion. The court narrowed the issue to whether Holen had a reasonable expectation of privacy on the property from which the officers had seized the cattle. Holen argued that the cattle had been seized from land for which he had entered a lease, and that under the lease, he was entitled to five days notice before officials could enforce any cattle trespassing law. The State countered that the cattle had been seized from Indian trust land open to the public and that Holen lacked an expectation of privacy on the trust lands. Holen pointed out that the seizure took place over two square miles of land with various ownership types, including leases, allotted land and tribal land, all owned by different people and separated by fences.

¶5     The court inquired as to whether Holen was challenging the truthfulness of the officer's testimony as to the location of the cattle at the time of the seizure. The court further asked whether witnesses would be needed to resolve this issue. Holen's counsel responded that she could call people who had written letters regarding the location of the cattle. Holen's counsel concluded with the following statement: "Basically, if we want to have an evidentiary hearing, we can have an evidentiary hearing on that." The State declined to present any evidence on the grounds that Holen had failed to present the testimony of any witnesses that the State needed to rebut.

¶6 The District Court denied Holen's motion to dismiss on the grounds that Holen had no expectation of privacy on the lands from which the officers had seized the cattle. The court issued an oral ruling outlining the specific reasons for the denial. The case proceeded to trial and a jury convicted Holen on all eight counts. Holen appeals.

¶7 Holen argues on appeal that he had an expectation of privacy on the land where the tribal officers saw and subsequently seized his cattle because it was leased land. The State counters that Holen never requested an evidentiary hearing before the District Court and failed to object to the District Court's denial of the suppression motion on legal grounds.

¶8 We review a district court's ruling on a defendant's motion to suppress evidence to determine whether the court's findings of fact are clearly erroneous and whether the court's interpretation and application of the law are correct. *State v. Tucker,* 2008 MT 273, ¶ 13, 345 Mont. 237, 190 P.3d 1080. The District Court did not make written findings of fact in this case. The court nevertheless outlined the reasons for its ruling at the end of the hearing in this matter. The court afforded Holen the chance to cross-examine the officers regarding the location of the cattle when seized by the officers. Holen did not pursue this opportunity. Holen did not argue to the District Court that he had a privacy expectation in the place where the cattle were seized and cannot take that position on appeal.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

4

¶10    Affirmed.


                                        /S/ BRIAN MORRIS


We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ JIM RICE